

DONALD SCARINCI*■
KENNETH J. HOLLENBECK
ROBERT E. LEVY■o☐
VICTOR E. KINON●
PATRICK J. MCNAMARA■
ANDREW L. INDECK*
JOHN M. SCAGNELLI*
JOEL R. GLUCKSMAN*
JOSEPH A. FERRIERO☐*
RICHARD M. SALSBERG*
MATTHEW J. GIACOBBE*
JOSEPH M. DONEGAN*■◆
FRED D. ZEMEL*
THEODORE A. SCHWARTZ
THOMAS J. CAFFERTY

Of Counsel
EDWARD A. BERTELE*
NOMI IRENE LOWY
MICHAEL R. WASSERMAN*
ALEXANDER F. MCGIMPSEY JR☐*

Counsel
SANDRA T. AYRES
MARK S. TABENKIN
JOHN P. LIBRETTI III*◆
SHERI K. SIEGELBAUM
MARK K. FOLLENDER
WILLIAM C. SULLIVAN JR.
MARC L. POTOLSKY
MITCHELL L. PASCUAL■*
SEAN D. DIAS*
KATHLEEN J. DEVLIN*
MICHAEL A. CIFELLI
RENEE A. RUBINO
WILLIAM T. ROGERS III*

Associates
JACQUELIN P. GIOIOSO
KEVIN M. SULLIVAN
JOSEPH R. MORANO*
WILLIAM A. BAKER

FRANK P. KAPUSINSKI
ANTHONY P. SEIJAS
CHRISTINE M. VANEK*
MARC T. WIETZKE*
KARA A. KACZYNSKI
PARTHENOPY A. BARDIS*
BRUCE W. PADULA
DAVID A. BROOKS*●
MICHAEL K. YOUNG
ALYSE BERGER HEILPERN*
STEVEN W. KLEINMAN*
PETER C. HUMBLIAS●
MITCHELL H. LEVINE*
MICHAL L. RADOVICI

● ADMITTED IN MASSACHUSETTS
* ADMITTED IN NEW YORK
■ ADMITTED IN PENNSYLVANIA
◆ ADMITTED IN U.S. TAX COURT
☐ CERTIFIED CIVIL TRIAL ATTORNEY
o CERTIFIED CRIMINAL TRIAL ATTORNEY

1100 VALLEY BROOK AVENUE
P. O. BOX 790
LYNDHURST, NEW JERSEY 07071-0790
(201) 896-4100 / (201) 896-8660 FAX

NEW YORK OFFICE:
6 WATER STREET, SUITE 401
NEW YORK, NEW YORK 10004
(212) 546-9255 / (212) 483-0876 FAX

*www.njlegalink.com*

PLEASE REPLY TO:
**LYNDHURST**

November 23, 2005

**VIA ELECTRONIC FILING**

Hon. Dennis M. Cavanaugh, U.S.D.J.
United States District Court, District of New Jersey
451 U.S. Post Office Courthouse Building
Federal Square
Newark, New Jersey 07101

  Re: **Gilgallon, et al. v. County of Hudson, et al.**
     **Civil Action No. 02-5948 (DMC)**
     **Our File No. 103.2890**

Dear Judge Cavanaugh:

  As you may recall, we represent the defendants, Michael Cifelli, Mark Morchel, the County of Hudson, Robert Janiszewski and Francis DeLeonardis in regard to the above matter. This matter is pending on an Order to Show Cause returnable before Your Honor on November 28, 2005. Please accept this letter brief in lieu of a more formal brief in reply to Plaintiffs' opposition to the Order to Show Cause seeking permanent restraints.

  Although mired in layers upon layers of pleadings and allegations which resulted in a procedural quagmire, Plaintiffs' approach has always been simple: shoot the messenger. In the initial 1995 litigation, Plaintiffs became painfully aware that their company, CFS Services, Inc. (CFS) would loose their security guard contract with the County of Hudson because of their close and continuing ties with convicted felon, Ronald Gilgallon. Rather than refuting the allegations against them, Plaintiffs set out on a course to discredit those brining the charges. The first target was the second lowest bidder, Labor Management Concepts, Inc. (LMC). Accordingly, Plaintiffs began alleging that LMC was illegally using County facilities as a base of operations for other sites

November 23, 2005
Page 2

and that because LMC was providing services to the County pendente lite without a formal contract, that those payments were ultra vires and thus illegal. Plaintiffs sought, as alleged taxpayers, to have LMC return its payments to the County of Hudson. However, the Superior Court denied Plaintiffs' motion to file a taxpayer suit and that denial was upheld by the Appellate Division. (Exhibit A)

Once Plaintiffs did not succeed in bringing those claims against LMC, they added Hudson County to the equation and alleged that the illegal payments to LMC were part of an embezzlement scheme. Once the court rejected those arguments and Hudson County settled its claims with LMC, Plaintiffs attacked the settlement agreement. Therefore, substance of Plaintiffs' allegations has always fallen into two categories:

1.  Alleged "ultra vires" payments to LMC by Hudson County, as part of an embezzlement scheme, by:
    a.  LMC's alleged padding of its bills to Hudson County;
    b.  LMC's use of a County facility to operate other sites; and,
    c.  Hudson County's failure to have an operating contract and/or the appropriation of funds during the 1995 and 1996 contract periods while the 1995 Superior Court litigation was proceeding;
2.  Alleged invalidity of the 1997 settlement agreement between LMC & Hudson County, for:
    a.  Allegedly falsifying the Superior Court stamp on the Stipulation of Dismissal, which was never actually filed with the court;
    b.  Settling all claims with LMC rather than just the claim regarding the telephone bills; and,
    c.  Not having the settlement agreement property signed and/or authorized by the Board of Freeholders according to the Hudson County Administrative Code.

Once Plaintiffs did not succeed in the Superior Court of New Jersey and the Appellate Division found that the settlement agreement was valid, Plaintiffs went to Federal Court. Plaintiffs' Federal Court Complaints reiterated the same allegations against Hudson County and LMC. However, Plaintiffs would name individual defendants in a not so obvious attempt to skirt the application of collateral estoppel and/or the entire controversy doctrine. (Exhibit D) When those attempts failed, Plaintiffs would name the parties attorneys and allege yet another conspiracy against them. (Exhibit H) And when those attempts failed, Plaintiffs would allege that by denying the allegations of wrongdoing, that the defendants were denying Plaintiffs their day in court. (Exhibit L)

In its June 2, 2003, opinion, this Court observed that the Superior Court, Appellate Division concluded that there was no merit to Plaintiffs' claims of ultra vires payments to LMC and that the 1997 settlement agreement was valid. (Exhibit M) Further, this Court found that Judge Bassler, in 00-cv-0591 (WGB) went to great lengths to detail the long history of Plaintiffs' claims and how the 1997 settlement agreement was determined valid and enforceable. (Exhibit M)

{00211444.DOC}



November 23, 2005
Page 3

      Plaintiffs have attempted to file yet another Complaint in Superior Court re-alleging the same allegations of wrongdoing as outlined above. (Exhibit S)  As Judge Bassler recently observed, "it's de ja vu all over again." (Exhibit R). While Plaintiffs claim that they are not raising the same issues in their Third Amended Complaint in Superior Court, a review of the Third Amended Complaint reveals otherwise.  In addition to the paragraph to paragraph comparison between the Complaint in 02-5948 and the Third Amended Complaint in HUD-L-4228-03 included in the defendants' moving brief, a general review of the Third Amended Complaint demonstrates that Plaintiffs seek to adjudicate their continuing claims of ultra vires payments to LMC, an alleged embezzlement scheme between Hudson County and LMC and seeks to invalidate the December 1997 settlement agreement between LMC and Hudson County.  Specifically, Plaintiffs' Third Amended Complaint alleges:

    <u>Count One</u>:    Attorney Malpractice in 00-cv-0591 (WGB);
    <u>Count Two</u>:    Attorney Conspiracy in 00-cv-0591 (WGB);
    <u>Count Three</u>:    Attorney Malpractice in 00-cv-0591 (WGB);
    <u>Count Four</u>:    Attorney Malpractice in 00-cv-0591 (WGB), which caused Plaintiffs to file 02-5948 (DMC);
    <u>Count Five</u>:    The defendants, by denying the validity of the settlement agreement between LMC and Hudson County and denying the embezzlement scheme and ultra vires payments to LMC, denied Plaintiffs their due process in 02-cv-5948 (DMC);
    <u>Count Six</u>:    The defendants, County of Hudson and Robert Janiszewski, by denying the validity of the settlement agreement and ultra vires payments to LMC, denied Plaintiffs their due process in 02-cv-5948 (DMC);
    <u>Count Seven</u>:    The defendants were part of an embezzlement scheme and by denying same, made misrepresentations to the court causing the dismissal of 02-cv-5948 (DMC);
    <u>Count Eight</u>:    The defendants committed fraud in a conspiracy with LMC resulting in ultra vires payments to LMC for over billing to the County and an invalid settlement agreement and that denying this conspiracy resulted in the dismissal of 00-cv-0591 (WGB); and,
    <u>Count Nine</u>:    The defendants, County of Hudson and Robert Janiszewski made willful representations in 02-cv-5948 (DMC) by denying the ultra vires payments which resulted in a dismissal of Plaintiffs' complaint and that Robert Janiszewski and former County Purchasing Agent, Darren Maloney conspired with LMC to embezzle funds from the County.

(Exhibit S)

      The prayer for relief on each count in the Third Amended Complaint is the same.  In each Count Plaintiffs request:

    1.    The Court to allow Plaintiffs to proceed with their claims against the defendants;

{00211444.DOC}



November 23, 2005
Page 4

    2.    The Court to conduct an investigation of the allegations of fraud, conspiracy, willful misrepresentation and legal malpractice;
    3.    Damages resulting from the misrepresentation of the taxpayers of Hudson County;
    4.    Damages resulting from the dismissal of 00-591 (WGB) & 02-5948 (DMC);
    5.    An award of money damages;
    6.    Damages which may have resulted in 00-591 (WGB) & 02-5948 (DMC) (if they had not been dismissed); and
    7.    Any other relief that the Court deems equitable and just.

(Exhibit S)

Therefore, while Plaintiffs claim that they are not re-litigating the allegations in 02-5948 (DMC), their prayer for relief seeks damages which Plaintiffs believe they would have received if 02-5948 had not been dismissed. (Exhibit S) As Plaintiffs state in the Third Amended Complaint, they want to, "proceed with their claims against the defendants." (Exhibit S) Further, by seeking an investigation of their allegations of fraud and conspiracy, Plaintiffs are simply using their Third Amended Complaint to re-litigate the allegations of ultra vires payments to LMC and the invalidity of the 1997 settlement agreement.

Plaintiffs claim that the Third Amended Complaint is necessary to prove the so-called "suit within a suit" related to their claim of attorney malpractice. However, this claim is disingenuous. Generally, claims for attorney malpractice are exempt from the entire controversy doctrine. *See generally*, Connell Foley v. Israel Travel, 377 N.J.Super. 350 (App.Div. 2005). Proving the so-called "suit within a suit" in no way permits the re-naming of defendants who have been dismissed from the underlying litigation. The fact that the Third Amended Complaint seeks to enter judgment against the defendant, County of Hudson for damages which Plaintiffs believe they would have received if 02-5948 (DMC) had not been dismissed, is a clear indication that Plaintiffs seek more than just to prove the "suit within a suit" to prove malpractice against their former counsel. (Exhibit S) Rather, Plaintiffs seek to re-litigate 02-5948 (DMC) and therefore, an injunction is appropriate. *See*, Chick Kam Choo v. Exxon Corp., 486 U.S. 140 (1988).

Plaintiffs rely upon, Gautman v DeLuca, 215 N.J.Super. 388 (App.Div. 1987), in which the plaintiffs brought suit against their former counsel for a dismissed medical malpractice suit. However, even in Gautman, the plaintiffs did not seek to name the original medical malpractice defendants, City of Jersey City and Jersey City Medical Center. The "suit within a suit" approach is simply another angle being used by Plaintiffs to re-litigate the allegations of ultra vires payments to LMC and to attack the validity of the settlement agreement.

Moreover, Plaintiffs allege that the Third Amended Complaint raises a claim for spoliation. However, a review of the Third Amended Complaint reveals no such claim. (Exhibit S) Rather, the spoliation claim is just another angle being used by Plaintiffs to re-litigate allegations of ultra vires payments to LMC through an alleged embezzlement scheme and to attack the validity of the 1997 settlement agreement.

{00211444.DOC}



November 23, 2005
Page 5

It is patently clear that Plaintiffs are simply using different theories and parties to re-litigate allegations a fraud, conspiracy, ultra vires payments and the validity of the 1997 settlement agreement. Like the proverbial snow ball which rolls down hill, this litigation has always been the same at its core, picking up theories and parties as it rolls along.

This Court, as well as the Third Circuit, recognized that Plaintiffs attempts to re-litigate these matters were vexatious and frivolous. (Exhibits M & N) The fact that Plaintiffs are now in the Superior Court of New Jersey, seeking damages from 02-5948 (DMC), clearly and convincingly evinces their intent to re-litigate 02-5948 (DMC). (Exhibit S) As the Third Circuit recently observed in upholding Judge Bassler's permanent injunction, Plaintiffs, "are clearly seeking to invalidate the District Court's judgment against them." (*See*, Third Circuit's opinion filed November 3, 2005, page 6, annexed as Exhibit T to the supplement certification of Michael A. Cifelli) Plaintiffs' attempts to re-litigate 02-5948 in the Superior Court of New Jersey is a blatant and hostile attempt to subvert this Court's order barring further litigation born of the 1995 and 1996 security guard contracts. (Exhibit M)

Finally, given Plaintiffs' penchant for regurgitating the same allegations using different parties, it is further respectfully requested that the permanent injunction include all parties listed in 02-5948 (DMC) and that the injunction include any employee and/or County Official, even if not named in 02-5948. If the injunction does not include all County employees or officials, as they have done before, Plaintiffs will simply find someone who has not been named as a defendant and seek to re-litigate the underlying claims through that person. For example, Plaintiffs are attempting to bring suit against Darren Maloney, who is the former Purchasing Agent for the County of Hudson. (Exhibit S). Plaintiffs have never offered any reason why Mr. Maloney, who was well known to Plaintiffs, has not been named previously.

It is only in a broad sense that an injunction would protect the District Court's prior judgments and serve to bar future harassing litigation. *See generally*, <u>Baltimore and O.R. v. Kepner</u>, 314 U.S. 44 (1961). Accordingly, it is respectfully requested that this Court enter a permanent injunction against Plaintiffs barring litigation of the Third Amended Complaint and barring all future litigation against the defendants in 02-5948 (DMC) and all County of Hudson employees and/or officials whether previously named or not. Only then will this litigation end, "once and for all, with [this Court]." (Exhibit M)

    Respectfully submitted,
    Scarinci & Hollenbeck LLC.

    s/ *Michael A. Cifelli*
    MICHAEL A. CIFELLI
    For the Firm

MAC/pm
cc:    Ronald Gilgallon (via facsimile and regular mail)
       Eileen Gilgallon (via facsimile and regular mail)
       Mary Hennig (via facsimile and regular mail)
       Timothy Haggerty, Esq. (via facsimile and regular mail)
       Matthew Sapienza, DAG (via facsimile and regular mail)

{00211444.DOC}

