SCARINCI & HOLLENBECK, LLC
ATTORNEYS AT LAW
1100 VALLEY BROOK ROAD
P.O. BOX 790
LYNDHURST, NEW JERSEY 07071
Telephone:  (201) 896-4100
Attorneys for Defendant County of Hudson
Our File No. 130.2890

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EILEEN GILGALLON, RONALD GILGALLON and  SHAWN GILGALLON,<br><br>               Plaintiffs,<br><br>       v.<br><br>THE COUNTY OF HUDSON, ROBERT JANIZEWSKI, FRANCIS DELEONARDIS, MARK MORCHEL, MICHAEL CIFELLI, THE BOARD OF CHOSEN FREEHOLDERS, NEIL CARROL, VINCENT ASCOLESE, NAPTALIA CRUZ, WILLIAM BRAKER, NIDIA DAVILA-COLON, WILLIAM O'DEA, ALBERT CIFELLI, SILVERIO VEGA, MAURICE FITZGIBBONS, CONNELL, FOLEY, LLP, JOHN PL. LACEY, LABOR MANAGEMENT CONCEPTS, INC., JOHN MUNRO, STATE OF NEW JERSEY, JOSEPH TRAPP, and ABC CORPORATIONS 1-10 (a fictitious corporation) and JOHN and MARY DOES 1-10 (fictitious persons),<br><br>              Defendants. | Hon. Dennis M. Cavanaugh<br><br>Civil Action No. 02-5948<br><br>**NOTICE OF MOTION FOR RULE 11 SANCTIONS**<br><br><br>**ELECTRONICALLY FILED** |

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, on Monday, December 12, 2005, at 9:00 a.m., or as soon as it may be heard, Defendant The County

{00228734.DOC}

of Hudson will apply to the above named Court, located at

the U.S. Courthouse, 50 Walnut Street, Newark, N.J. 07102,

for an Order imposing sanctions on Plaintiffs and/or for

any other relief deemed equitable and just.

**PLEASE TAKE FURTHER NOTICE** that in support of this

Motion, a Brief and proposed form of Order is also

enclosed.

Oral argument is not requested unless this motion is

opposed.

                                SCARINCI & HOLLENBECK, LLC
                                Attorney for Defendant
                                The County of Hudson


                           By: _s/ Michael A. Cifelli_
                                MICHAEL A. CIFELLI

Dated:    November 3, 2005

## CERTIFICATION OF SERVICE

I, Michael A. Cifelli, certify that on November 28, 2005, I served the following parties by hand delivery, the within Notice of Motion, Certification of Michael A. Cifelli, and Brief in support of Motion for Rule 11 Sanctions:

Ronald Gilgallon, Eileen Gilgallon, Mary Hennig
206 Seventh Street
Harrison, NJ 07029
*Pro Se Plaintiffs*

Timothy Haggerty, Esq.
The Law Office of Stephen Gertler
Monmouth Shores Corporate Park
1350 Campus Parkway
P.O. Box 1442
Wall, NJ 07719
*Counsel for the Defendants, Shea, Novy, Brustman
and Shea & Novy*

I further certify that on November 28, 2005, I did cause a copy of the aforementioned documents to be served on the following persons by Overnight Delivery:

Matthew Sapienza, DAG
State of New Jersey
Office of the Attorney General, Dept. of Law
25 Market Street
P.O. Box 112
Trenton, NJ 08623
*Counsel for the Superior Court of New Jersey*

s/ Michael A. Cifelli
MICHAEL A. CIFELLI

Dated: November 28, 2005

{00228734.DOC}

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EILEEN GILGALLON, RONALD GILGALLON and  SHAWN GILGALLON,<br><br>          Plaintiffs,<br><br>          v.<br><br>THE COUNTY OF HUDSON, ROBERT JANIZEWSKI, FRANCIS DELEONARDIS, MARK MORCHEL, MICHAEL CIFELLI, THE BOARD OF CHOSEN FREEHOLDERS, NEIL CARROL, VINCENT ASCOLESE, NAPTALIA CRUZ, WILLIAM BRAKER, NIDIA DAVILA-COLON, WILLIAM O'DEA, ALBERT CIFELLI, SILVERIO VEGA, MAURICE FITZGIBBONS, CONNELL, FOLEY, LLP, JOHN PL. LACEY, LABOR MANAGEMENT CONCEPTS, INC., JOHN MUNRO, STATE OF NEW JERSEY, JOSEPH TRAPP, and ABC CORPORATIONS 1-10 (a fictitious corporation) and JOHN and MARY DOES 1-10 (fictitious persons),<br><br>          Defendants. | Hon. Dennis M. Cavanaugh<br><br>Civil Action No. 02-5948 |

---

**BRIEF IN SUPPORT OF DEFENDANT, COUNTY OF HUDSON'S MOTION FOR RULE 11 SANCTIONS**

---

SCARINCI & HOLLENBECK, LLC
ATTORNEYS AT LAW
1100 VALLEY BROOK AVENUE
P.O. BOX 790
LYNDHURST, NEW JERSEY 07071
Telephone:  (201) 896-4100
Attorneys for Defendant, Hudson County
Our File No. 130.2890

On the Brief:
Michael A. Cifelli, Esq.
{00228940.DOC}

# TABLE OF CONTENTS

STATEMENT OF FACTS & PROCEDURAL HISTORY ......................... 1

LEGAL ARGUMENT

    I.   SANCTIONS PURSUANT TO FRCP 11 ARE APPROPRIATE
        IN THIS MATTER ........................................ 5

    II.  BECAUSE THE PLAINTIFFS HAVE REPEATEDLY DEFIED COURT
        ORDERS AND JUDGMENTS BARRING FURTHER FILING,
        PLAINTIFFS SHOULD BE HELD IN CONTEMPT ................. 7

CONCLUSION ................................................... 9

## TABLE OF AUTHORITIES

### Cases

Baker v. The African Methodist Episcopal Church,  .............. 8

Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277,
   289 (3rd Cir. 1991) ......................................... 6

Leuallen v. Borough of Paulsboro, 180 F.Supp.2d 615, 618
   (D.N.J. 2002) ............................................... 5

## STATEMENT OF FACTS & PROCEDURAL HISTORY

On or about August of 2003, Plaintiffs, Ronald Gilgallon, Eileen Gilgallon and Mary Hennig, filed an action in the Superior Court of New Jersey, Law Division, Hudson County Vicinage, under docket no.: HUD-L-4228-03. On or about October 17, 2005, Plaintiffs moved before the Superior Court of New Jersey for leave to file a Third Amended Complaint against, inter alia, the County of Hudson.(*See*, proposed Third Amended Complaint annexed to the Certification of Michael A. Cifelli as Exhibit A) Plaintiffs essentially recite allegations of fraud, corruption and conspiracy against various Hudson County officials which were already adjudicated in the original New Jersey Superior Court litigation under HUD-L-4726-95 and five subsequent U.S. District Court complaints. Specifically, the allegations in Plaintiffs' Third Amended Complaint under HUD-L-4228-03 regurgitate and allegations which were raised and dismissed in federal civil action 02-cv-5948 (DMC). (*See*, Complaint filed under 02-5948 annexed to the Certification of Michael A. Cifelli as Exhibit B)

Plaintiffs' initial complaint under HUD-L-4228-03 was one of malpractice against their former counsel who represented them in 00-cv-591 (WGB). Plaintiffs allege that their former counsel committed malpractice in 00-cv-591 and that their former counsel colluded with defense counsel to withhold evidence from the court and to deny the plaintiffs their due process.

In their Second Amended Complaint under HUD-L-4228-03, Plaintiffs alleged that the defendant, Michael Dermody conspired with Plaintiffs' former counsel in 00-cv-591 (WGB) in order to deprive Plaintiffs of the ability to litigate their claims.

The defendant, Michael Dermody, under 28 U.S.C.A. § 2283, sought a temporary and/or permanent injunction from the Federal District Court barring the state court action from proceeding. Judge Bassler, by Order dated February 8, 2005 granted Michael Dermody's request for an injunction. (*See*, February 8, 2005, opinion of Hon. William G. Bassler, U.S.D.J. annexed to the Certification of Michael A. Cifelli as Exhibit C) Judge Bassler, in his February 8, 2005 written opinion, opined that an injunction was necessary to protect and effectuate the District Court's Judgment in the First Federal Court Action. (Exhibit C)

Judge Bassler ordered that Plaintiffs were enjoined and restrained from prosecuting the action against Michael Dermody under docket number HUD-L-4228-03 in the Superior Court of New Jersey and that they are not to file a future complaint against Mr. Dermody in any state or federal court for claims arising out of the Hudson County's awarding of securities services to LMC. (Id.)

With an injunction barring proceedings against Mr. Dermody, the County of Hudson remained named as a defendant in the body of the Second Amended Complaint but with no specific act of wrongdoing against it.   Despite the absence of specific

{00228325.DOC}                              2

allegations against the County, the court ordered discovery to proceed.

On or about October 17, 2005, Plaintiffs moved for leave to file a Third Amended Complaint in the Superior Court of New Jersey. The allegations in the Third Amended Complaint in HUD-L-4228-03 mirror those made in the District Court Action 02-00524. (See, Exhibits A & B)  Though Plaintiffs do not name Robert Janiszewski, Francis Deleonardi, Mark Morchel, Michael Cifelli, The Board of Chosen Freeholders, Neil Carrol, Vincent Ascolese, Neptalia Cruz, William Braker, Nidia DaVila Colon, Albert Cifelli, Siverio Vega and Maurice Fitzgibbons as defendants in their Third-Amended Complaint (collectively referred to as "the defendants" herein), the body of the Third Amended Complaint sets forth allegations against these individuals, specifically or generically, similar in nature to the allegation in Action 02-00524.  Whether named specifically, the allegations in the Third Amended Complaint under HUD-L-4228-03 are substantively similar to those raised and dismissed under federal civil action 02-cv-5948 (DMC).

Plaintiffs, however, do name the County of Hudson as a defendant in the Third-Amended Complaint under HUD-L-4228-03 as it was named in Civil Action No. 02-0524 (DMC).  And while Mr. Janiszewski is not named as a defendant in the Third Amended Complaint, he is continuously referenced in the Third Amended Complaint. (Exhibit A)

{00228325.DOC}                              3

The allegations in common in both complaints are those alleging that the County of Hudson and Robert Janiszewski were involved in an embezzlement scheme with LMC; allegations that various departments in the County conspired to use the settlement agreement to cover up illegal activity of the county; Robert Janiszewski and the County of Hudson engaged in willful misrepresentations to the court in various proceedings to manipulate and/or obstruct justice.

As it was necessary for Judge Bassler to issue a permanent restraining order enjoining Plaintiffs from further filing against Mr. Dermody in any court, state or federal, it is similarly necessary for the defendants to seek a permanent injunction barring Plaintiffs from further litigation against the above named defendants in order to protect the U.S. District Court and Third Circuit's prior orders and judgments and to stop Plaintiffs' attempt to re-litigate what has already been raised and dismissed. (*See*, June 2, 2003, District Court opinion and order and June 9, 2004, Third Circuit opinion and judgment annexed to the certification of Michael A. Cifelli as Exhibits D & E respectively)

Plaintiffs are attempting to circumvent the U.S. District Court's order barring further filing and/or its order dismissing Plaintiffs' complaint. Plaintiffs are further attempting to re-litigate issues which have been raised and dismissed in 02-cv-5948 (DMC). Accordingly, Plaintiffs' litigation activities are

{00228325.DOC}                                    4

frivolous, causing the defendants unnecessary expenses in order to seek an order of injunction against Plaintiffs.

**LEGAL ARGUMENT**

I.   **SANCTIONS PURSUANT TO FRCP 11 ARE APPROPRIATE IN THIS MATTER.**

Federal Rule of Civil Procedure 11(b) requires that counsel and unrepresented parties make a reasonable inquiry to determine that the submitted paper:

> (1)   it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needles increase in the cost of litigation;
> (2)   the claims, defenses, and other legal contentions therein are warranted by existing law or by the non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3)   the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

In order to establish a Rule 11 violation, "[t]he legal standard to be applied . . . is reasonableness under the circumstances." Leuallen v. Borough of Paulsboro, 180 F. Supp. 2d 615, 618 (D.N.J. 2002)(citations omitted). In turn, "reasonableness" is defined as an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well grounded in law and fact. Ibid., *quoting,* Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 289 (3rd Cir. 1991).

Here, Plaintiffs' proposed third-amended complaint in the
Superior Court of New Jersey under docket HUD-L-4228-03 is in
direct violation of the District Court's order barring any further
filings and are meant for nothing other than to harass and annoy
the defendants.(Exhibit A)   Specifically, Plaintiffs proposed
Third-Amended Complaint seeks to circumvent this court's
prohibition against any further filings against the named
defendants based upon any of the underlying circumstances or
otherwise stemming from the 1995 litigation. (Exhibit D)   Judge
Cavanaugh's prohibition was upheld by the Third Circuit Court of
appeals who entered the prohibition as a judgment against
Plaintiffs. (Exhibit E)

Plaintiffs have no reasonable belief that their factual
allegations of fraud, conspiracy, collusion, and/or obstruction of
justice have any evidential support; especially in light of the
prior dismissals of these allegations and prior sanctions issued
against the plaintiffs for frivolous filings.

On or about November 4, 2005, Plaintiffs were served
with this motion for sanctions.    In a cover letter to
Plaintiffs dated November 2, 2005, they were informed that if
they did not withdraw their proposed Third-Amended Complaint
in the Superior Court of New Jersey, the defendants would
file a motion for sanctions pursuant to Federal Rule of Civil
Procedure 11. (Exhibit F)   As of the date of the filing of

{00228325.DOC}                          6

the within motion, Plaintiffs have not voluntarily withdrawn
their proposed and/or filed Third-Amended Complaint.

Because Plaintiffs' continuation of litigation in the
Superior Court of New Jersey is a frivolous attempt to
circumvent this court's order barring any further litigation
by Plaintiffs, they should be sanctioned  pursuant to Rule
11.  Accordingly, it is respectfully requested that the court
enter an order permitting counsel for the defendants to
submit a certification of services for all counsel fees and
costs associated with any and all efforts by the defendants,
individually or severally, in response to Plaintiffs'
proposed and/or filed Third-Amended Complaint.

## II.  BECAUSE THE PLAINTIFFS HAVE REPEATEDLY DEFIED COURT ORDERS AND JUDGMENTS BARRING FURTHER FILING, PLAINTIFFS SHOULD BE HELD IN CONTEMPT.

In addition to Rule 11 sanctions, Plaintiffs had notice of
the court's prior rulings and therefore their actions in filing yet
another Superior Court Complaint should be considered contempt of
court and punished appropriately.

Federal Rule of Civil Procedure 4.1 (b) states in relevant
part that:

> An order of civil commitment of a person held to be in
> contempt of a decree or injunction issued to enforce
> the laws of the United States may be served and
> enforced in any district. Other orders in civil
> contempt proceedings shall be served in the state in
> which the court issuing the order to be enforced is
> located or elsewhere within the United States if not

{00228325.DOC}                    7

more than 100 miles from the place at which the order
to be enforced was issued.

Accordingly, Plaintiffs have been afforded a good faith
effort to withdraw their frivolous and harassing state court
pleadings. Plaintiffs have failed to heed that warning. As such,
Plaintiffs are knowingly proceeding with state court litigation
in direct violation of multiple federal court judgments and
orders. Therefore, an order holding the plaintiffs in civil
contempt is appropriate in this matter.

Finally, given Plaintiffs' utter contempt of this court's
order barring any further filings and their attempts to undermine
this court's jurisdiction and despite Plaintiffs' continuation of
frivolous and vexatious claims in the face of court orders and
judgments to the contrary, we are respectfully requesting that
this court consider incarceration of Plaintiffs for their blatant
disregard of the court's authority and knowing disregard of its
orders and judgments. *See*, Baker v. The African Methodist
Episcopal Church, 2005 WL 1400750 (SDGa 2005)(pro se litigant
who continuously violated court's orders could be held in
criminal contempt.) (Exhibit G)   Clearly, monetary sanctions
against Plaintiffs have not convinced them to cease a litigation
soon approaching its 11th year in existence.

Therefore, in addition to Rule 11 sanctions requiring the plaintiffs to reimburse the taxpayers of the County of Hudson for their frivolous litigation, it is respectfully requested that the court hold Plaintiffs in civil and/or criminal contempt and that Plaintiffs be held in confinement for a period deemed appropriate by this court.

## CONCLUSION

Because Plaintiffs' continuing litigation is in direct defiance with this Court's order barring further filing and because the issues raised by Plaintiffs in their Third Amended Complaint are otherwise barred by the doctrines of res judicata and collateral estoppel, and for the reasons set forth in the defendants' order to show cause under 02-cv-5948 (DMC) which are incorporated herein by reference, Rule 11 sanctions should be imposed upon Plaintiffs and the court should enter any other form of relief that it deems necessary and appropriate under the circumstances.

Respectfully submitted,
Scarinci & Hollenbeck LLC.

By:  *Michael A. Cifelli* /s/
     MICHAEL A. CIFELLI

Dated:  November 4, 2005