

# State of New Jersey

RICHARD J. CODEY
Acting Governor

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

PETER C. HARVEY
Attorney General

December 5, 2005

<u>Via Electronic Filing</u>
The Honorable Dennis M. Cavanaugh, U.S.D.J.
451 U.S. Post Office Bldg.
Federal Square
P.O. Box 999
Newark, NJ 07101-0999

      Re:  <u>Gilgallon v. County of Hudson</u>
           Docket No. 02-5948 (DMC)

Dear Judge Cavanaugh:

      This office provides representation to the Superior Court of New Jersey and the New Jersey Judiciary.  We have been notified that the Defendants in the above-referenced matter, Michael A. Cifelli, *et al.*, (hereafter "Defendants") have applied to the Court for an injunction.  Defendants seek to enjoin the Plaintiffs, Eileen Gilgallon, *et al.* (hereafter "Plaintiffs") from proceeding with claims against Defendants in a matter presently pending in the Hudson Vicinage of the Superior Court of New Jersey.  The Superior Court matter is entitled <u>Gilgallon v. R.C. Shea and Associates</u>, Docket Number HUD-L-4228-03.

      Defendants appear to seek injunctive relief because Plaintiffs violated an order in the instant federal action barring Plaintiffs from filing any action against Defendants in federal court without leave of court.[*] <u>See</u> Certification of Michael A.

---

[*] A similar order was later entered by District Judge Bassler in another case barring Plaintiffs from filing claims against a single Defendant, Micheal Dermody, in either state or federal court without leave of court. <u>See</u> Certification of Michael A. Cifelli, Esq., ¶ 20, Exhibit "R," Opinion by the Hon. William G. Bassler dated February 8, 2005. To our knowledge, no Court has ever entered an order barring



December 5, 2005
Page 2

Cifelli, Esq., ¶ 15, Exhibit "M," Order and Opinion by the Hon. Dennis M. Cavanaugh, U.S.D.J., dated June 2, 2003.

       We do not take any position with respect to Defendants' request to enjoin the individual Plaintiffs given that the requested relief does not implicate the interests of the State of New Jersey. However, we do take issue with the fact that the injunction sought by Defendants applies not only to Plaintiffs, but inappropriately extends to the New Jersey Superior Court and the Honorable Frances J. Antonin. Judge Antonin is the trial judge in the Superior Court matter, <u>Gilgallon v. R.C. Shea and Associates</u>. We respectfully submit that any award of injunctive relief in this matter should not be against the Superior Court of New Jersey and Judge Antonin.

       To the extent that the requested injunction in its current form seeks to direct Judge Antonin's adjudication of the Superior Court matter, <u>Gilgallon v. R.C. Shea and Associates</u>, the injunction raises serious federalism concerns. It is our position that an injunction against the Superior Court of New Jersey and Judge Antonin, as entities/agents of the sovereign State of New Jersey, violates the Eleventh Amendment to the United States Constitution and the Anti-Injunction Act, 28 <u>U.S.C.</u> § 2283. Specifically, the Eleventh Amendment serves to avoid "the indignity of subjecting a State to the coercive processes of judicial tribunals at the instance of private persons." <u>Seminole Tribe of Florida v. Florida</u>, 517 <u>U.S.</u> 44, 58 (1996).

       Fortunately, these federalism concerns may be avoided in this matter by properly limiting the injunction to those parties allegedly causing the harm, namely, the Plaintiffs. District Judge William G. Bassler did so under identical circumstances in <u>Gilgallon v. Board of Chosen Freeholders for the County of Hudson</u>, Docket Number 00-591 (WGB). See Certification of Michael A. Cifelli, Esq., ¶ 20, Exhibit "R," Opinion by the Hon. William G. Bassler dated February 8, 2005. In that case, defendant Michael Dermody[**] sought injunctive relief against Plaintiffs to enjoin them from proceeding against him in the very same Superior Court action

---

Plaintiffs from filing an action in the Superior Court of New Jersey against any other Defendant without leave of court.

   [**]Mr. Demody is an attorney employed by Hudson County who defended the County in several of Plaintiffs' lawsuits and was himself a named defendant in several federal lawsuits. <u>See</u> Bassler Opinion, page 3.

at issue in the instant case, <u>Gilgallon v. R.C. Shea and Associates</u>, Defendants Cifelli, Mark Morchel and Francis DeLeonardis also moved for injunctive relief because Plaintiffs filed a motion to amend their Superior Court Complaint to add them as defendants. Defendants Cifelli, *et al.*, withdrew their motion before Judge Bassler for injunctive relief when Plaintiffs agreed not to name them as defendants. Consequently, the motion proceeded with only Mr. Dermody seeking injunctive relief against Plaintiffs.

The requested injunctive relief applied to both Plaintiffs and the Superior Court of New Jersey and Judge Antonin. At Judge Bassler's request, this Office entered an appearance in the matter as <u>amicus</u> and took essentially the same position it takes in this instant matter, *i.e.*, that if injunctive relief is to be granted, it should be limited to the Plaintiffs. After due consideration, Judge Bassler granted Mr. Dermody's request for injunctive relief but limited its scope so that it applied solely to Plaintiffs.[***]

In conclusion, the State of New Jersey takes no position regarding Defendants' request for injunctive relief directing Plaintiffs to cease and desist with litigation they have brought in the Superior Court of New Jersey. However, should the Court decide to issue an injunction, we ask the Court to proceed as did Judge Bassler: The injunction should apply to Plaintiffs and Plaintiffs alone, not the Superior Court of New Jersey or Judge Antonin.

          Respectfully submitted,

          PETER C. HARVEY
          ATTORNEY GENERAL OF NEW JERSEY


By:   /s/ Matthew Sapienza
      Matthew Sapienza
      Deputy Attorney General

c:   The Hon. Frances J. Antonin, J.S.C.
     Michael A. Cifelli, Esq.
     Edward J. Florio, Esq.
     Timothy Haggerty, Esq.
     Ronald Gilgallon
     Eileen Gilgallon
     Mary Hennig

---

[***] That decision was recently upheld by the U.S. Court of Appeals for the Third Circuit. See Supplemental Certification of Michael A. Cifelli, Esq., ¶ 3, Exhibit "T," Opinion of the Third Circuit dated November 3, 2005.