NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EILEEN GILGALLON, et al., | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No.02-CV-5948 (DMC) |
| COUNTY OF HUDSON, et al., | : | |
| | : | |
| Defendants. | : | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon an Order to Show Cause filed by the County of Hudson, Robert Janizewsky, Francis Deleonardis, Mark Morchel, Michael Cifelli, the Board of Chosen Freeholders, Neil Carrol, Vincent Ascolese, Neptalia Cruz, William Braker, Nidia Da Vilacolon, William O'Dea, Albert Cifelli, Silverio Vega, Maurice Fitzgibbons, Connell Foley LLP, John P. Lacey, Labor Mangagement Concepts Incorporated, John Monroe, the State of New Jersey, Joseph Trapp, and ABC Corporations and John and Mary Does ("Defendants"), requesting this Court to enjoin Eileen, Ronald and Shawn Gilgallon's ("Plaintiffs") pending action in the Superior Court of New Jersey, Law Division, Hudson County Vicinage, docket number HUD-L-4228-03. Oral argument was heard regarding this matter on November 28, 2005. For the reasons set forth below, this Court **grants** Defendants' application enjoining Plaintiffs from pursuing this matter in State Court.

## I. BACKGROUND

The issue before this Court is related to a conflict that arose regarding the bidding in Hudson County for public contracts with security guard services in 1995 and 1996.  (Defendant's Brief in Support of the Order to Show Cause ("Def. Br.") at 1).  On or about July 1994, Defendant Hudson County issued a notice to bidders for a one year contract to provide security services at various facilities located within the County.  (Id.)  Plaintiffs had formed a corporation, Consec Security Services ("CSS"), that submitted the lowest bid.  (Id.)  Hudson County rejected this bid on the basis of "non-responsibility"after learning Mr. Ronald Gilgallon, the former principal of CSS, was a convicted felon.  (Id.)  Plaintiffs then filed an Order to Show Cause in the Superior Court of New Jersey, Hudson County, Docket No. HUD -L-4228-03, seeking an injunction preventing Defendants from awarding the contract to another bidder.  This was denied. (Id.)

Since that time, Plaintiffs have filed various complaints and motions in both Federal and State Courts.  This Court previously discussed the facts of this case in its earlier June 2, 2003 Opinion, wherein it was determined that the Appellate Division of New Jersey Superior Court, District Judge Bassler, Magistrate Judge Hedges and District Judge Hayden had disposed of Plaintiff's claims of ultra vires payments to Labor Management Concepts ("LMC").  This Court dismissed Plaintiffs' claims and entered sanctions against the Gilgallons for their vexatious filings and abuse of the judiciary pursuant to Rule 11 of the Federal Rules of Civil Procedure. (See, Hon. Dennis M. Cavanaugh's Order and Opinion dated June 2, 2003).  Plaintiffs appealed this decision and the Third Circuit affirmed my decision on April 14, 2004.  In an effort to avoid unnecessarily expending this Court's judicial resources, and in the interests of judicial efficiency and economy, this Court will not recite the facts that occurred prior to the June 2, 2003 Opinion.

Plaintiffs continued to litigate this matter despite this Court's ruling.  Plaintiffs filed a second action in the Superior Court of New Jersey, Law Division, Hudson County, on August 1, 2003, alleging their former counsel committed malpractice regarding their first Federal Complaint.  (See, Complaint dated 8/1/03).  On May 26, 2004, Plaintiffs filed a Second Amended Complaint naming Hudson County Attorney Michael Dermody, who had been opposing counsel in the first federal action, as a Defendant, alleging he conspired with their former counsel to deprive Plaintiffs of their ability to litigate their federal claims.  (See, Second Amended Complaint, dated May 26, 2005).  Judge Bassler found it necessary to enter an injunction against Plaintiffs from pursuing this matter against Defendant Dermody in State Court in order to protect and effectuate the District Court's Judgment in the First Federal Court Action. Judge Bassler also prohibited Plaintiffs from filing any future complaints against Mr. Dermody in any State or Federal Court for claims arising out of the Hudson County's decision to award the securities contract to Labor Management Concepts ("LMC").   Plaintiffs' appealed Judge Bassler's decision and the Third Circuit affirmed his decision on November 3, 2005.

Plaintiffs then filed a Third Amended Complaint in the Superior Court of New Jersey on October 17, 2005.  The Complaint names Plaintiffs' counsel R.C. Shea & Associates, Shea & Novy P.C., Robert Shea, Stacie Brustman, the County of Hudson, and Darren Maloney as Defendants.  Plaintiffs did not name the various members of LMC and the Board of Chosen Freeholders, Robert Janiszewski, Francis DeLeonardis, Mark Morchel, Michael Cifelli, Neil Carrol, Vincent Ascolese, Neptalia Cruz, William Braker, Nidia DaVila Colon, Albert Cifelli, Silverio Vega and Maurice Fitzgibbons as Defendants.  However, all of these Defendants now seek an injunction against Plaintiffs enjoining them from proceeding against them any further in

State Court.

## II. <u>DISCUSSION</u>

### A. Standard

The Anti-Injunction Act ("Act") provides "a court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.A § 2283.  The Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." <u>Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers</u>, 398 U.S. 281, 286, (1970).  Consequently, "any injunction against State Court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283, if it is to be upheld." <u>Id.</u> at 287.  Pursuant to 28 U.S.C.A § 2283, a District Court may only grant an injunction to stay State Court proceedings if (1) expressly authorized by an Act of Congress; (2) where it is necessary to aid its jurisdiction; and (3) to protect or effectuate its judgments. These "exceptions are narrow and are not to be enlarged by loose statutory construction." <u>Chick Kam Choo v. Exxon Corp.</u>, 486 U.S. 140, 146, (1988).

The third exception is known as the "relitigation exception."  <u>National R.R. Passenger Corp. v. Pa. R.R. Pub. Util. Comm'n</u>, 342 F.3d 242, 255 (3d Cir. 2003).  The relitigation exception was designed to allow Federal Courts to prevent State Courts from deciding an issue previously litigated in Federal Court.  <u>Chick Kam Choo</u>, 486 U.S. at 147.  This exception is "founded in the well-recognized concepts of res judicata and collateral estoppel." <u>Id.</u>; <u>In re</u>

<u>Prudential Ins. Co. Sales Practice Litig.: Lowe</u>, 261 F.3d 355, 364 (3d Cir.2001).  The relitigation exception may only be used when the federal injunction pertains to an issue already litigated and decided in Federal Court.  <u>Id.</u> at 148.

### B. The Relitigation Exception in Regard to Named Defendants

The relitigation exception applies in this matter to Defendants Maloney and Hudson County.  Plaintiffs have now filed a Third Amended Complaint in the Superior Court of New Jersey against their attorneys, the County of Hudson, and Darren Maloney.   Plaintiffs allege their attorneys committed malpractice during the early stages of this litigation.  (<u>See</u>, Plaintiffs' Third Amended Complaint).   Plaintiffs claim the relitigation exception does not apply to Defendants Maloney and Hudson County because the joining of these parties is necessary to prove their "suit within a suit" in relation to their attorney malpractice claims.  (Plaintiffs' Letter Brief in Opposition to Defendants' Order to Show Cause received December 7, 2005 ("Pl. Br.") at 3).

Plaintiffs' "suit within a suit" argument does not apply to Defendants Maloney and Hudson County.  Although attorney malpractice claims are generally exempt from the entire controversy doctrine, proving a "suit within a suit" does not allow a plaintiff to rename a defendant already dismissed from the underlying action.  <u>Connell Foley v. Israel Travel</u>, 377 N.J. Super. 350 (App. Div. 2005).  Plaintiffs' Third Amended Complaint does more than establish a case for malpractice, it restates prior claims against Defendants Maloney and Hudson County previously decided by this Court.  Among other things, it again raises the issue of the alleged ultra viries payments made by the County to Labor Management Concepts ("LMC").  (Plaintiffs' Third Amended Complaint at 41).  This allegation was previously dismissed by this Court and

the relitigation exception prevents Plaintiffs from pursuing it again in State Court.

Furthermore, Plaintiffs ask the Superior Court to award them damages "resulting from the dismissal of their claims in civil action 00-591 and 02-5948," and to award damages for "any and all damages that may have resulted from the prior litigations in civil action 00-591 and 02-5948," and damages "for punitive, compensatory and nominal damages, interest, related costs and personal financial loss relating to this case." (Plaintiffs' Third Amended Complaint at 75). Plaintiffs could have received this relief if this Court had not previously dismissed their claims. Under the relitigation exception Plaintiffs are free to argue malpractice claims against their attorneys, but they may not reargue claims and request damages already denied by this Court and other District Courts. For these reasons, the relitigation exception applies to Plaintiffs' claims against Defendants Maloney and Hudson County. Therefore, this Court grants Defendants' application and issues an injunction enjoining Plaintiffs' pending action against Defendants Maloney and Hudson County in New Jersey State Court.

## C. The Relitigation Exception and Unnamed Defendants in
## Plaintiffs' Third Amended Complaint

Defendants also seek an injunction enjoining Plaintiffs from pursuing this matter in State Court against Defendants Robert Janizewsky, Francis Deleonardis, Mark Morchel, Michael Cifelli, the Board of Chosen Freeholders, Neil Carrol, Vincent Ascolese, Neptalia Cruz, William Braker, Nidia Da Vilacolon, William O'Dea, Albert Cifelli, Silverio Vega, Maurice Fitzgibbons, Connell Foley LLP, John P. Lacey, Labor Mangagement Concepts Incorporated, John Monroe, the State of New Jersey, Joseph Trapp, and ABC Corporations and John and Mary Does'

("Defendants"), which were not named on the face of Plaintiffs Third Amended Complaint. Although it may at first appear premature for this Court to grant an injunction enjoining Plaintiffs from pursuing an action against Defendants that are not named in their Complaint, these Defendants are named and referred to throughout the body of the Complaint.

The Board of Freeholders and LMC is mentioned throughout the Plaintiffs' Complaint. (See, Plaintiffs' Third Amended Complaint).   For example, on page thirty-three of Plaintiffs' Complaint it states "Robert Janiszewski and the County were well aware that a settlement between LMC and the Country was never executed."  On page thirty-six of the Complaint Plaintiffs again reference the alleged "embezzlement scheme" between the County of Hudson and LMC.  Plaintiffs repeatedly mention (1) alleged corruption and collusion of County officials leading to ultra vires payments to LMC; (2) alleged conspiracy by County officials to settle Hudson County's claims against LMC through illegal actions; (3) that the settlement between LMC and Hudson County is invalid; and that Defendants committed fraud Court during the litigation of their prior federal complaint before this Court.  Judges of this Court have already addressed and dismissed all of these claims against all of the parties.   Therefore the relitigation exception applies to Plaintiffs current state action against the above named Defendants.

This Court refuses to place form over substance and allow Plaintiffs to raise issues against Defendants in State Court that were already decided in Federal Court, simply because Plaintiffs did not name all of the Defendants in their Complaint.  For these reasons, this Court grants Defendants' application and issues an injunction enjoining Plaintiffs from pursuing this matter against any of the parties named in the Order to Show Cause in State Court or any other

Court.

## III. <u>CONCLUSION</u>

For the reasons stated, it is the finding of this Court that Defendants' application is

**granted**.  An appropriate Order accompanies this Opinion.


   S/ Dennis M.Cavanaugh     
Dennis M. Cavanaugh, U.S.D.J.

Date:          January 4, 2006
Original:     Clerk's Office
Cc:          All Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File