NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EILEEN GILGALLON, et al., : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 02-CV-5948 (DMC) |
| THE COUNTY OF HUDSON, et al., : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by Eileen Gilgallon, Ronald Gilgallon, and Shawn Gilgallon ("Plaintiffs"), for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Plaintiffs seek reconsideration of this Court's January 4, 2006 Opinion and Order granting the application filed by the County of Hudson, Robert Janizewsky, Francis Deleonardis, Mark Morchel, Michael Cifelli, the Board of Chosen Freeholders, Neil Carrol, Vincent Ascolese, Neptalia Cruz, William Braker, Nidia Da Vilacolon, William O'Dea, Albert Cifelli, Silverio Vega, Maurice Fitzgibbons, Connell Foley LLP, John P. Lacey, Labor Mangagement Concepts Incorporated, John Monroe, the State of New Jersey, Joseph Trapp, and ABC Corporations and John and Mary Does' ("Defendants"), enjoining Plaintiffs from pursuing this matter in State Court. This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiffs' motion for reconsideration is **denied**.

**I. Background**

The facts of this matter are described in detail in this Court's January 4, 2006 Opinion

and in the interest of judicial economy the facts will not be restated in this Opinion.  On January 13, 2006, Plaintiffs filed a motion for reconsideration and now request this Court to reconsider that which it previously decided.

## II. Discussion

### A. The Standard for Reconsideration

Under Rule 59 of the Federal Rules of Civil Procedure, a plaintiff must satisfy a high standard in order to have a judgement altered or amended.  In North River Insurance Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995), the Court stated that a Rule 59 motion for an amended judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice.  A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion. . . to alter or amend judgment."  Venen v. Sweet, 758 F. 2d 117, 122 (3d Cir. 1985).

### B. Local Rule 7.1

Although Rule 59 allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (Hedges, U.S.M.J.).  However, in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision."  LITE, N.J. FEDERAL PRACTICE RULES, Comment 6 to L. Civ. R. 7.1(g) (GANN 2002 ed.).  Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure,

governs motions for reconsideration filed in the District of New Jersey. Compaction Sys. Corp., 88 F. Supp. 2d at 345.

Relief by way of a motion for reconsideration is an "extraordinary remedy" only be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins., Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986) (Brotman, U.S.D.J.). Local Rule 7.1(g) does not contemplate a recapitulation of arguments previously considered by the court in rendering its decision. Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992) (Lechner, U.S.D.J.), aff'd, 37 F.3d 1485 (3d Cir. 1994). Stated more simply, a motion for reconsideration is not an appeal. It is improper for a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through – rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (Ackerman, U.S.D.J.). Rule 7.1(g) permits reconsideration only when "dispositive factual matters or controlling decisions of law" that were previously presented to the court were overlooked. Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup, Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (Irenas, U.S.D.J.).

### C. Plaintiff's Failure to Meet the Standard for Reconsideration

Here, the Plaintiffs' motion fails to show this Court "overlooked" any of the above listed points. Instead, Plaintiffs are improperly using a Rule 59 motion as a vehicle to reargue their claims. An argument is not deemed overlooked because it is not specifically addressed in a court's opinion. Eichorn v. AT&T Corp., No. Civ. A. 96-3587 (MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999) (Cooper, U.S.D.J.). An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument. Id.

Plaintiffs claim this Court erred in making the determination that Plaintiffs are

permanently enjoined from pursuing any of their claims against Defendants arising from the denial of Plaintiffs' security guard contracts with the County of Hudson in the Superior Court of New Jersey. Specifically, Plaintiffs argue this Court erred because: (1) Plaintiffs' Third Amended Complaint had not yet been filed in the Superior Court of New Jersey; and (2) Plaintiffs' claim for spoilation of evidence falls outside the re-litigation exception to the anti-injunction act. Both of Plaintiffs' arguments fail on reconsideration.

Plaintiffs first argument that this matter was not ripe fails because Plaintiffs had filed a motion for leave to file the Third Amended Complaint. Applications to amend pleadings are granted liberally by courts. See Webb v. Witt, 379 N.J. Super. 18, 24 (App. Div. 2005). Plaintiffs' act of seeking leave to amend their Third Complaint is their direct attempt to re-litigate that which has previously been decided not only by this Court, but by the Appellate Division of New Jersey Superior Court, Magistrate Judge Hedges, District Judge Bassler, District Judge Hayden and the Third Circuit. Plaintiffs have repeatedly wasted this Court's time and that of other Judges. They are now not allowed to further abuse the system in State Court.

Finally, Plaintiffs' spoilation claim also fails to meet the above standard. Plaintiffs' Third Amended Complaint does not mention "spoilation" of evidence in regard to civil action 02-5948, but does discuss it in connection to Mr. Maloney and the original Superior Court matter under HUD-L-4726-95. In this discussion in becomes clear that Plaintiffs are not making a spoilation of evidence claim, but using this argument in another attempt to re-litigate their many allegations against the Defendants that have all been previously adjudicated. In addition, even if Plaintiffs did have a valid spoilation of evidence claim, New Jersey does not recognize a separate tort for the spoilation of evidence. See Jerista v. Murray, 185 N.J. 175, 201-02 (2005). For all of these reasons, Plaintiffs' motion for reconsideration must be dismissed.

### III. Conclusion

Plaintiffs have not met the high standard required to achieve success on a motion for reconsideration. For the reasons stated in this Opinion, Plaintiffs' motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

                                             S/   Dennis M. Cavanaugh
                                             Dennis M. Cavanaugh, U.S.D.J.

Date:         February 23, 2006
Original:    Clerk's Office
Cc:          All Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File