NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EILEEN GILGALLON, et al., : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 02-CV-5948 (DMC) |
| THE COUNTY OF HUDSON, et al., : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by the County of Hudson, which was joined by Neil Carrol, Vincent Ascolese, Neptalia Cruz, William Braker, Nidia Davila Colon, William O'Dea, Albert Cifelli, Silverio Vega, Maurice Fitzgibbons, Michael Cifelli, and the Board of Chosen Freeholders (collectively "Defendants"), for sanctions against Eileen Gilgallon, Ronald Gilgallon, and Shawn Gilgallon ("Plaintiffs"), pursuant to Rule 11 of the Federal Rules of Civil Procedure. This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is **granted.** The Court reserves its decision regarding Defendants' additional request.

### I. Background

The facts of this matter are described in detail in both this Court's May 30 2003 Opinion and January 4, 2006 Opinion. In the interest of judicial economy, the facts will not be restated in again in this Opinion. On November 28, 2005, Hudson County filed a motion for Rule 11 sanctions against Plaintiffs. Defendants Neil Carrol, Vincent Ascolese, Neptalia Cruz, William

Braker, Nidia Davila Colon, William O'Dea, Albert Cifelli, Silverio Vega, Maurice Fitzgibbons, Michael Cifelli, and the Board of Chosen Freeholders joined this motion on December 2, 2005.

## II. Discussion

### A. Standard Required to Award Rule 11 Sanctions

Rule 11 of the Federal Rules of Civil Procedure sets forth the standards counsel and unrepresented parties must meet when filing pleadings, motions, or other documents before the Court. It imposes on counsel, or unrepresented parties, the "duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" Lieb v. Topstone Indus., 788 F.2d 151, 157 (3d Cir. 1986). Whenever an attorney or unrepresented party presents a pleading, written motion, or any other paper, to a court, he or she is certifying that to best of their knowledge, information, and belief, formed after a reasonable inquiry under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary dely or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed.R.Civ.P. 11(b). Sanctions must be limited to what is sufficient to deter such conduct in the future and may consist of, or include, directives of a non-monetary nature, an order to pay a penalty into court, or if imposed on motion and warranted for effective deterrence, an order

directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.  Fed.R.Civ.P. 11(c)(2).  Rule 11 was designed to discourage the filing of frivolous, unsupported, or unreasonable claims.  Napier v. Thirty or More Unidentified Federal Agents, etc., 855 F.2d 1080, 1090 (3d Cir. 1988).

The Third Circuit has found that the legal standard to be applied when evaluating conduct that allegedly violates of Rule 11 is "reasonableness under the circumstances." Ford Motor Co. v. Summit Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991).  In the context of Rule 11 inquiries, reasonableness has been defined as "an objective knowledge or belief at the time of filing of a challenged paper that the claim was well grounded in law and fact."  Id. at 298.  The moving party is not required to show bad faith in order to prove a Rule 11 violation.  Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995).  Accordingly, an accused party may not use an "empty head, pure heart" excuse to justify the filing of frivolous claims.  Clement v. Pub. Serv. Elec. & Gas Co., 198 F.R.D. 634, 637 (D.N.J. 2001) (quoting, Fed.R.Civ.P. 11, adv. cmte. notes (1993)).

### B. Plaintiffs' Violation of Rule 11

Defendants argue that Rule 11 sanctions are warranted in this case and after examining the long history of this lawsuit, the Court agrees.  On June 2, 2003, this Court entered an Opinion and Order prohibiting Defendants from filing any future complaints against Defendants without first obtaining this Court's written permission. The Third Circuit upheld this Court's decision and entered the prohibition as a judgment against Plaintiffs on April 14, 2004.  Plaintiffs blatantly ignored this Court and the Third Circuit by refusing to request permission before filing their third-amended Complaint in the Superior Court of New Jersey on October 17, 2005.  The third-amended Complaint restates the allegations that were previously raised before this Court

and dismissed in Federal Civil Action 02-CV-5948.  In addition, the Honorable William G. Bassler, United States District Court Judge, entered a similar Order against Plaintiffs.  Judge Bassler prohibited Plaintiffs from prosecuting this action against Defendant Michael Dermody in the Superior Court of New Jersey under docket number HUD-L-4228-03 or any other State or Federal Court for claims arising out of Hudson County's awarding of securities services to Labor Management Concepts ("LMC").  Magistrate Judge Hedges and District Judge Hayden also disposed of Plaintiff's claims of ultra vires payments to LMC and dismissed Plaintiffs' claims.  This Court, District Judges Bassler and Hayden, Magistrate Judge Hedges, and the Third Circuit have all entered judgments against Plaintiffs preventing them from litigating claims relating to Hudson County awarding securities services to LMC.  Due to the many prior dismissals and prior sanctions entered against them for frivolous filings, Plaintiffs cannot argue that they have reason to believe that their factual allegations of fraud, conspiracy, collusion, and/or obstruction of justice have any evidentiary support.  Plaintiffs' attempt to continue this litigation before the Superior Court of New Jersey is a frivolous attempt to circumvent this Court's June 2003 Order.  Therefore, Defendants' request for Rule 11 sanctions is granted.  Accordingly, Defendants may submit a certification of services for all counsel fees and costs, individually or severally, associated with Defendants' efforts in response to Plaintiffs' third amended Complaint.

### C. Rule 4.1(b)

In addition to Rule 11 sanctions, Defendants have requested this Court to consider Plaintiffs in contempt of Court and punish them appropriately.  Pursuant to Rule 4.1(b) of the Federal Rules of Civil Procedure, a court may order "civil commitment" for a party held in contempt.  Defendants argue that sanctions have not deterred Plaintiffs from filing frivolous

complaints in the past and that the Court should take an additional step to discourage Plaintiffs from any further abusing the judicial system. While the Court agrees with Defendants that Plaintiffs must be stopped from wasting any more time or money in regard to this lawsuit, I will reserve my ruling on this issue until the Third Circuit rules on Plaintiffs' appeal of my January 4, 2005 Opinion and Order.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion for Rule 11 sanctions is **granted**. This Court reserves its decision on the issue of whether to find the parties in contempt. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
    Dennis M. Cavanaugh, U.S.D.J.

Date:        May 1, 2006
Original:   Clerk's Office
Cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File