NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EILEEN GILGALLON, et al., : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 02-CV-5948 (DMC) |
| THE COUNTY OF HUDSON, et al., : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a motion by Eileen Gilgallon, Ronald Gilgallon, and Shawn Gilgallon ("Plaintiffs"), for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Plaintiffs seek reconsideration of this Court's May 3, 2006 Opinion and Order, which granted the application filed by the County of Hudson, Michael Cifelli, the Board of Chosen Freeholders, Neil Carrol, Vincent Ascolese, Neptalia Cruz, William Braker, Nidia Da Vilacolon, William O'Dea, Albert Cifelli, Silverio Vega, Maurice Fitzgibbons, ("Defendants"), for sanctions against Plaintiffs. This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiffs' motion for reconsideration is **denied**.

**I. Background**

The facts of this matter are described in detail in this Court's May 3, 2006 Opinion and in the interest of judicial economy the facts will not be restated in this Opinion. On May 11, 2006, Plaintiffs filed a motion for reconsideration and now request this Court to reconsider that which it previously decided.

## II. Discussion

### A. The Standard for Reconsideration

Under Rule 59 of the Federal Rules of Civil Procedure, a plaintiff must satisfy a high standard in order to have a judgement altered or amended. In North River Insurance Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995), the Court stated that a Rule 59 motion for an amended judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice. A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion. . . to alter or amend judgment." Venen v. Sweet, 758 F. 2d 117, 122 (3d Cir. 1985).

### B. Local Rule 7.1

Although Rule 59 allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (Hedges, U.S.M.J.). However, in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." LITE, N.J. FEDERAL PRACTICE RULES, Comment 6 to L. Civ. R. 7.1(g) (GANN 2002 ed.). Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey. Compaction Sys. Corp., 88 F. Supp. 2d at 345.

Relief by way of a motion for reconsideration is an "extraordinary remedy" only be

granted "very sparingly."  NL Indus. Inc. v. Commercial Union Ins., Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986) (Brotman, U.S.D.J.).  Local Rule 7.1(g) does not contemplate a recapitulation of arguments previously considered by the court in rendering its decision.  Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992) (Lechner, U.S.D.J.), aff'd, 37 F.3d 1485 (3d Cir. 1994).  Stated more simply, a motion for reconsideration is not an appeal.  It is improper for a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through – rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (Ackerman, U.S.D.J.).  Rule 7.1(g) permits reconsideration only when "dispositive factual matters or controlling decisions of law" that were previously presented to the court were overlooked.  Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup, Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (Irenas, U.S.D.J.).

### C. Plaintiff's Failure to Meet the Standard for Reconsideration

Here, the Plaintiffs' motion fails to show this Court "overlooked" any of the above listed points.  Instead, Plaintiffs are improperly using a Rule 59 motion as a vehicle to reargue their claims.  An argument is not deemed overlooked because it is not specifically addressed in a court's opinion.  Eichorn v. AT&T Corp., No. Civ. A. 96-3587 (MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999) (Cooper, U.S.D.J.).  An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument.  Id.  Plaintiffs have failed to present any new arguments and this Court already considered these arguments when it originally granted Defendants' motion for sanctions.

### III. Conclusion

Plaintiffs have not met the high standard required to achieve success on a motion for reconsideration. For the reasons stated in this Opinion, Plaintiffs' motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

                                                S/ Dennis M. Cavanaugh  
                                                Dennis M. Cavanaugh, U.S.D.J.

Date:       June 12, 2006  
Original:   Clerk's Office  
Cc:         All Counsel of Record  
               The Honorable Mark Falk, U.S.M.J.  
               File