NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EILEEN GILGALLON, et al., | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No.02-CV-5948 (DMC) |
| COUNTY OF HUDSON, et al., | : | |
| | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon an Order to Show Cause filed by the County of Hudson, Robert Janiszewski, Francis DeLeonardis, Mark Morchel, and Micheal Cifelli (collectively "Defendants"), for this Court to stay the motions currently pending before the New Jersey Superior Court and hold Eileen Gilgallon, Ronald Gilgallon, and Shawn Gilgallon ("Plaintiffs") in both criminal and civil contempt and civil confinement for violating this Court's January 4, 2006 Order and Opinion. Oral Argument was heard regarding this matter on June 22, 2006, at 9:30 A.M. For the reasons set forth below, the Court **grants** Defendants' application in part and **denies** it in part.

## I. Background

The facts of this case were discussed in detail in the Court's January 4, 2006 Opinion. In the interest of judicial economy those facts will not be reiterated again today. On January 4, 2006, this Court issued an Opinion and Order granting Defendants County of Hudson, Robert

1

Janizewsky, Francis Deleonardis, Mark Morchel, Michael Cifelli, the Board of Chosen

Freeholders, Neil Carrol, Vincent Ascolese, Neptalia Cruz, William Braker, Nidia Da Vilacolon,

William O'Dea, Albert Cifelli, Silverio Vega, Maurice Fitzgibbons, Connell Foley LLP, John P.

Lacey, Labor Mangagement Concepts Incorporated, John Monroe, the State of New Jersey,

Joseph Trapp, and ABC Corporations and John and Mary Does, Order to Show Cause

permanently enjoining Plaintiffs from filing any further amended complaints or motions relating

to Plaintiffs' security contracts in State Court or any other Court.  Plaintiffs filed a motion for

reconsideration, which the Court denied on February 28, 2006.

On May 3, 2006, this Court entered an Opinion and Order, granting in part and reserving

in part, Defendants' motion for Rule 11 sanctions against Plaintiffs.  The Court granted

Defendants' request for monetary sanctions and directed Defendants to submit a certification of

services for all counsel fees and costs, individually or severally, associated with Defendants'

efforts in response to Plaintiffs' Third Amended Complaint.  The Court reserved on the issue of

civil confinement, which a court may order pursuant to Rule 4.1(b) of the Federal Rules of Civil

Procedure when a party is found to be in contempt, until the Third Circuit issues a decision on

Plaintiffs' appeal of this Court's January 4, 2006 Opinion and Order.

After the Court issued an injunction on January 4, 2006, Defendants filed a motion for

summary judgment in State Court.  Plaintiffs' requested an adjournment on that motion, which

was granted.  Then, in or around May of 2006, Plaintiffs moved before the Superior Court of

New Jersey, Law Division, Hudson County, for permission to file a Fourth Amended Complaint

against Defendants.  In response, Defendants filed an Order to Show Cause before this Court on

May 18, 2006, seeking a temporary stay of the New Jersey Superior Court action and requesting

Plaintiffs to show cause as to why they should not be held in contempt for violating this Court's January 4, 2006 Order. Defendants allege the Fourth Amended Complaint contains the same allegations included in the Third Amended Complaint, upon which this Court issued a permanent injunction. On June 9, 2006, the parties appeared before the Superior Court of New Jersey for oral argument on Plaintiffs' motion to stay the Order to Show Cause proceedings before this Court, which Judge Antonin denied. During the hearing, Judge Antonin stated:

> I think I made it clear, that for the purposes of going forward and prosecuting your legal malpractice case, yes, you would be able to get discovery from the County, from the various people you named, the order that I signed permitting depositions and production of documents and all of that, were for the suit within a suit. Not for actual claims being prosecuted in this case against the County of Hudson or any of the other people named. I didn't think that was misunderstood. I thought it was clear. But in case it was misunderstood, I'm clarifying it. My order did not – because this is an argument the County advanced vigorously when you first came before this Court for relief ... they contended that that's what you were trying to do, that you were trying to do an end run around the federal court and get back in - and get into this court to sue damages. You assured the court that that's not what you were doing, and you assured the court and argued against the defendants that you had to prove your ... underlying claim in order to prevail in the malpractice case.

(Transcript of Oral Argument, Gilgallon, et. al. v. Shea, et. al. HUD-L- 4228-03, ("Oral Arg. Tr.") 16:10-17:7).

On June 14, 2006, Plaintiffs submitted a letter addressed to this Court stating they were "withdrawing the allegations against Hudson County contained in the fourth amended complaint under docket number L-4228-03." Plaintiffs failed to submit any additional evidence of withdrawing the Fourth Amended Complaint other than this letter. This Court heard oral argument on June 22, 2006, on Defendants' OTSC to stay the motions pending before the New Jersey Superior Court and hold Plaintiffs in both criminal and civil contempt and civil confinement for violating this Court's January 4, 2006 Order and Opinion. The Court reserved its decision at oral argument in

order to consider Defendants' request and Plaintiffs' arguments more fully.  The Court now issues

this Opinion.

## II. <u>Discussion</u>

### A. Civil and Criminal Contempt

Defendants argue the Court should find Plaintiffs guilty of both civil and criminal

contempt for violating this Court's January 4, 2006 Order.  Although the distinctions between

civil and criminal contempt are often difficult to discern, the two are not one in the same.

"Contempts are neither wholly civil nor altogether criminal.  And it may not always be easy to

classify a particular act as belonging to either one of these two classes.  It may partake of the

characteristics of both."  <u>Samuel Gompers v. Buck's Stove & Range Co.</u>, 221 U.S. 418, 441

(1911).  Regardless of whether the proceedings are deemed civil or criminal, a party must be

accused of violating a court order to conduct contempt proceedings.  <u>Id.</u>  The distinction between

civil and criminal contempt lies in both the provable elements of the offense and the intended

purpose of the court's sanctions.  <u>McComb v. Jacksonville Paper Co.</u>, 336 U.S. 187 (1949).

If a court wishes to hold a party in civil contempt, the punishment is remedial and for the

benefit of the complainant.  <u>Gompers</u> 221 U.S. at 441.  "Civil as distinguished from criminal

contempt is a sanction to enforce compliance with an order of the court or to compensate for

losses or damages sustained by reason of noncompliance."  <u>McComb</u>, 336 U.S. at 190.  Due to

the fact that civil contempt sanctions are viewed as non-punitive and avoidable, fewer procedural

protections are required when imposing civil sanctions than criminal contempt sanctions.  <u>Int'l</u>

<u>Union, United Mine Workers of Am. v. Bagwell</u>, 512 U.S. 821, 831 (1994).  The Supreme Court

has recognized that punishment by imprisonment may be remedial as well as punitive.  <u>Id.</u> at

441-42.  The Supreme Court of the United States has also found that civil contempt proceedings

may result in both the imposition of a fine payable to the complainant and imprisonment for the

party found in contempt.  Id. at 442.  In civil contempt proceedings, parties are usually

imprisoned when they have refused to do an affirmative act required by a court order.  Id.  In

these situations, imprisonment is not inflicted as a punishment, but is intended to be remedial by

coercing the party to do what he or she has previously refused to do.  Id.  If the sentence is

punitive to vindicate the authority of the court, it is considered a criminal contempt proceeding.

Gompers 221 U.S. at 441.

### B. Plaintiffs' Violation of this Court's January 4, 2006 Order

On January 4, 2006, this Court issued an Order and Opinion enjoining Plaintiffs from

pursuing any further claims against Defendants arising from the denial of Plaintiffs' security

guard contracts with the County of Hudson in the Superior Court of New Jersey.  As a result of

this injunction, Defendants moved for summary judgment before Judge Antonin in State Court.

Plaintiffs requested and were granted an adjournment and then sought permission to file a Fourth

Amended Complaint.  Defendants filed an Order to Show Cause in response to the Fourth

Amended Complaint seeking civil and criminal sanctions against Plaintiffs for violating this

Court's January 4, 2006 Order.

The Court agrees with Defendants that Plaintiffs' proposed Fourth Amended Complaint

violates this Court's January 4, 2006 Order.  Previously, this Court entered an Order on June 2,

2003, which among other things, prohibited Plaintiffs from filing any more Complaints against

Defendants before this Court arising from the denial of Plaintiffs' security guard contracts with

the County of Hudson without first receiving permission from this Court.  In an attempt to

5

circumvent this Court's June 2003 Order, which was affirmed by the Third Circuit on April 14, 2004, Plaintiffs attempted to file a Third Amended Complaint in State Court against Defendants again alleging claims arising from the denial of Plaintiffs' security contracts, without first seeking permission.  Plaintiffs did so without seeking permission.  In response, this Court entered an Order on January 4, 2006, enjoining Plaintiffs from pursuing any more claims against Defendants arising from the denial of Plaintiffs' security guard contracts with the County of Hudson in any court, State or Federal.  Plaintiffs again tried to circumvent this Court's Order, by filing a Fourth Amended Complaint in State Court in May of 2006.

Plaintiffs seek the same relief against Defendants in their Fourth Amended Complaint that Plaintiffs were barred from seeking when they filed their Third Amended Complaint. Specifically in the Third Count of the proposed Fourth Amended Complaint, Plaintiffs request "any and all damages that may have resulted from the prior litigations in civil action 00-591 and 02-5948 ... damages resulting from the misrepresentation of the taxpayers of Hudson County ... damages to the plaintiffs resulting from the dismissal of their claims in civil action 00-591 and 02-5948 ... and punitive, compensatory and nominal damages, interest, related costs and personal financial loss relating to this case."  Plaintiffs requested identical relief in their Third Amended Complaint.  The only difference between the Third and Fourth Amended Complaints is that Plaintiffs no longer ask the Court to investigate allegations of conspiracy, willful misrepresentation, and legal malpractice.  Instead, Plaintiffs now seek an investigation into allegations of fraudulent concealment on the part of Defendants.

Plaintiffs assert they have uncovered new evidence during depositions of two members of the Board of Chosen Freeholders which have given rise to claims against Defendants for

fraudulent concealment.  (Transcript of Order to Show Cause Hearing before Judge Cavanaugh on June 22, 2006, ("OTSC Tr.") 20:5-7).  However, Plaintiffs conducted these depositions prior to filing their Third Amended Complaint. (Id. at 28:22-25).  All of Plaintiffs' claims against Defendants with regard to the security contracts have been considered by this Court and by the Appellate Division of the New Jersey Superior Court, District Judge Bassler, Magistrate Judge Hedges and District Judge Hayden.  By raising the issue of "fraudulent concealment," Plaintiffs are once again attempting to circumvent this Court's Orders.  They are placing a new name on allegations they have previously raised.  Furthermore, Judge Antonin recently noted during a motion hearing on June 9, 2006, that she had permitted Plaintiffs to obtain discovery from Defendants regarding their "suit within a suit," but that she in no way had allowed Plaintiffs to file any claims against the County of Hudson, Robert Janiszewski, Francis DeLeonardis, Mark Morchel, and Micheal Cifelli.  (Oral Argument Tr.16:10-17:7).   This is exactly what Plaintiffs attempted to do with their proposed Third and Fourth Amended Complaints, which not only violates Judge Antonin's instructions but was also in violation of this Court's January 4, 2006 Order.

### C. Plaintiffs Must be Held in Civil Contempt

    Injunctions have been recognized as "extraordinary writs, enforceable by the power of contempt."  Gunn v. Univ. Comm. to End the War in Vietnam, 399 U.S. 383, 388-89 (1970). Here the Court has found Plaintiffs to have violated the permanent injunction issued on January 4, 2006, enjoining them from pursuing this matter against Defendants in State Court.  Due to the fact that Plaintiffs violated an injunction ordered by this Court, the Court has authority to hold them in contempt.  Plaintiffs were well aware of the Court's January 2006 Order when they filed

their Fourth Amended Complaint.  Due to the fact that the Court wishes to compensate

Defendants for the costs they incurred in response to Plaintiffs' Fourth Amended Complaint and

wishes to deter Plaintiffs from any further violations of this Court's Orders, the Court holds

Plaintiffs in civil rather than criminal contempt.  Accordingly, Plaintiffs must pay a fine of $5000

to this Court and reimburse Defendants all costs and fees associated with the Fourth Amended

Complaint.

### D. Plaintiffs' Withdrawal of their Fourth Amended Complaint

Prior to oral argument, this Court received a letter from Plaintiffs on June 14, 2006,

stating they were "withdrawing the allegations against Hudson County contained in the Fourth

Amended Complaint under docket number L-4228-03."  Plaintiffs did not submit any additional

evidence indicating they had officially withdrawn their Fourth Amended Complaint in State

Court besides the letter addressed to this Court.  Nothing in the letter indicated that anyone else

had received a copy of this letter.  At oral argument Plaintiffs announced they had filed a revised

Fourth Amended Complaint withdrawing all references to the County of Hudson.  (OTSC Tr.

4:23-25).  It is not clear whether the allegations have been officially withdrawn in State Court

because Plaintiffs have not provided any proof of doing so besides submitting a letter to this

Court and supplying the Court with a copy of a revised Complaint at oral argument.

Regardless of whether Plaintiffs have or have not withdrawn their original Fourth

Amended Complaint, Plaintiffs still violated this Court's January 4, 2006 Order.  Plaintiffs'

attempt to withdraw the Complaint on the eve of oral argument does not erase their previous

violations of this Court's Order.  Plaintiffs are attempting to once again avoid the consequences

of violating this Court's Order and it will not be tolerated.  As such, it is irrelevant whether or not

Plaintiffs' withdrew the Fourth Amended Complaint to this Court's decision to hold Plaintiffs in civil contempt.  As explained above, Plaintiffs violated this Court's Order and therefore this Court holds them in civil contempt.  Accordingly, Plaintiffs must pay the above penalty and reimburse Defendants all costs associated with the Fourth Amended Complaint.  Defendants are directed to submit a certification of legal fees and costs associated with Plaintiffs' proposed Fourth Amended Complaint.

## III. <u>Conclusion</u>

For the reasons stated, it is the finding of this Court that Defendants' application is **granted**.  An appropriate Order accompanies this Opinion.


 S/ Dennis M.  Cavanaugh_____
Dennis M. Cavanaugh, U.S.D.J.


Date:          July 10, 2006
Original:      Clerk's Office
Cc:            All Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File