NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EILEN GILGALLON, RONALD GILGALLON and SHAWN GILGALLON, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Action No. 02-5948 (DMC) |
| THE COUNTY OF HUDSON, ROBERT JANIZEWSKI, FRANCIS DELEONARDIS, MARK MORCHEL, MICHAEL CIFELLI, THE BOARD OF CHOSEN FREEHOLDERS, NEIL CARROL, VINCENT ASCOLESE, NAPTALIA CRUZ, WILLIAM BRAKER, NIDIA DAVILA-COLON, WILLIAM O'DEA, ALBERT CIFELLI, SILVERIO VEGA, MAURICE FITZGIBBONS, CONNELL, FOLEY, LLP, JOHN PL. LACEY, LABOR MANAGEMENT CONCEPTS, INC., JOHN MUNRO, STATE OF NEW JERSEY, JOSEPH TRAPP, and ABC CORPORATIONS 1-10 (a fictitious corporation) and JOHN and MARY DOES 1 - 10 (fictitious persons), | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter is brought before this Court by Scarinci & Hollenbeck, LLC, counsel for Defendants, on application to enforce this Court's May 3, 2006 and July 12, 2006, Orders awarding counsel fees and costs associated with Defendants' efforts in response to Plaintiffs' Third and Fourth Amended Complaints.

For the reasons stated below, Defendants' application for costs and counsel fees is **granted**.

## Background

The long and vexatious litigation in this matter began on or about August of 2003, Ronald Gilgallon, Eileen Gilgallon and Mary Hennig ("Plaintiffs"), filed an action in the Superior Court of New Jersey, Law Division, Hudson County Vicinage. Plaintiffs sought a continue to seek ways to circumvent each defeat along the way. In October, 2005, Plaintiffs moved before the Superior Court of New Jersey for leave to file a Third Amended Complaint against Defendants.

Thereafter, on January 4, 2006, this Court, upon application by Defendant issued a permanent injunction barring Plaintiffs from proceeding with the Third Amended Complaint and further barring Plaintiffs from filing any law suit in any court against any of the other named defendants. This Court reasoned that Plaintiffs' proposed Third mended Complaint was subterfuge to re-litigating claims that had previously been dismissed.

Plaintiffs moved before this Court for reconsideration of the permanent injunction on January 13, 2006. This Court denied Plaintiffs motion for reconsideration on February 29, 2006, and noted that "Plaintiffs' act of seeking leave to amend their Third Complaint is their direct attempt to re-litigate that which has previously been decided . . . Plaintiffs have repeatedly wasted this Court's time and that of other Judges." (Opinion issued in <u>Gilgallon, et al</u>. v. <u>County of Hudson, et al.</u> Civil Action No. 02-5948, p. 4).

On May 3, 2006, this Court entered an Opinion and Order, granting in part and reserving in part, Defendants' Motion for Rule 11 sanctions against Plaintiffs. The Court granted Defendants' request for monetary sanctions and directed Defendants to submit a

certification of services for all counsel fees and costs, individually or severally, associated with Defendants' efforts in response to Plaintiffs' Third Amended Complaint.

In or around May, 2006, Plaintiffs moved before the Superior Court of New Jersey, Law Division, Hudson County, for permission to file a Fourth Amended Complaint against Defendants, once again in violation of this Court's January, 2006 Order.  On July 12, 2006, this Court issued an Order holding Plaintiffs in civil contempt.

Plaintiffs vexatious litigation caused Defendants to expend their efforts in further having Plaintiffs enjoined and held in contempt for violating this Court's permanent injunction.  Mirroring this Court's Order of May, 2006, this Court's Order of July 12, 2006, also instructs the Defendants to submit a certification of services for all counsel fees and costs, individually or severally, associated with Defendants' efforts in response to Plaintiffs' Fourth Amended Complaint.

### Discussion

Injunctions have been recognized as "extraordinary writs, enforceable by the power of contempt."  Gunn v. Univ. Comm. to End the War in Vietnam, 399 U.S. 383, 388-89 (1970).  This Court has found that Plaintiffs have violated the permanent injunction issued on January 4, 2006 in May and again in  July, 2006.  Due to the fact that Plaintiffs violated an injunction ordered by this Court, the Court held them in contempt.

This Court's Orders of May and July, 2006, reflect the intention that Defendants be compensated for the costs incurred in response to Plaintiffs violations of this Court's January, 2006 Order.  Accordingly, Plaintiffs must reimburse Defendants for the costs associated with defending Plaintiffs continued motions, appeals and other activity.

As instructed, in October, 2006, Defendants submitted a fee application along with a certification detailing the costs associated with defending Plaintiffs' Motions for leave to file Third and Fourth Amended Complaints. After reviewing Defendants' submission, this Court holds that Plaintiffs owe and must pay to Defendants $25,153.58 in attorneys' fees and costs in connection with violating this Court's May 3, 2006 Order and pay $12,194.40 in attorneys' fees and costs in connection with violating this Court's July 12, 2006 Order. An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh

Dennis M. Cavanaugh, U.S.D.J.

Dated:      February 28, 2007
Original:   Clerk
Copies:    All counsel of record
              File