NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EILEEN GILGALLON, et al., : | **Hon. Dennis M. Cavanaugh** |
| : | |
| Plaintiffs, : | **OPINION** |
| : | |
| v. : | Civil Action No. 02-cv-5948 (DMC) |
| : | |
| THE COUNTY OF HUDSON, et al., : | |
| : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

 This matter comes before the Court upon motion by the County of Hudson ("Defendant") to hold Plaintiffs Eileen Gilgallon and Ronald Gilgallon (collectively, "Plaintiffs")[1] in civil confinement. Pursuant to Fed.R.Civ.P. Rule 78, no oral argument was heard. After carefully considering the submitted papers, and based on the following, this Court finds that Plaintiffs are in contempt of this Court's Order enjoining Plaintiffs from pursuing this matter against Defendant and are ordered to pay fines for contempt, but shall not be incarcerated.

**I. BACKGROUND**

 The facts of this matter are described in detail in this Court's January 4, 2006 Opinion. See Gilgallon v. County of Hudson, No. 02-5948, 2006 WL 20519 (D.N.J. Jan. 4, 2006). In the interest of judicial economy, the facts are not restated here, but this Court will briefly address the recent procedural history of this matter. On January 4, 2006, this Court entered a permanent injunction enjoining Plaintiffs from filing anything further against Defendant in any court. Plaintiffs thereafter

---

[1]Defendant does not move to hold Plaintiff, Mary Hennig, in civil confinement.

made a motion for reconsideration, which was denied on February 28, 2006. Plaintiffs then appealed. Plaintiffs attempted to file a Third Amended Complaint prompting Defendant to file a motion for sanctions under Fed. R. Civ. P. 11. The motion for sanctions was granted , but this Court reserved decision on the issue of whether civil confinement would be an appropriate remedy. Defendant again made application to this Court requesting that sanctions be imposed on Plaintiffs after Plaintiffs attempted to file a Fourth Amended Complaint. In this Court's July 12, 2006 Opinion, Plaintiffs were held in contempt with a fine of $5,000.00 and ordered to pay counsel fees and costs to Defendant for their violations of the Court Orders. On June 19, 2007, the United States Court of Appeals for the Third Circuit upheld this Court's January 4, 2006 Opinion and Order granting a permanent injunction barring Plaintiffs from further filings. Plaintiffs moved for reconsideration of the Third Circuit's judgment, but were denied.

Defendant asserts that Plaintiffs have knowingly continued to disregard this Court's prior orders, judgments and injunctions. Defendant alleges that Plaintiffs argued the existence of collusion between the parties at oral argument before the Superior Court on October 20, 2006 and attempted to recuse two Superior Court Judges from hearing the matter in an effort to skew proceedings. Further, Defendant asserts that Plaintiffs have made no effort to pay the $37,347.98 counsel fee awarded by this Court and also may not have paid the $5,000.00 fine imposed upon Plaintiffs for being held in contempt. Thus, Defendant again requests that Plaintiffs be held in civil confinement.

## II.    STANDARD OF REVIEW

A determination must be made as to whether the contempt sought is civil or criminal in nature. Civil contempt is remedial in nature, and serves the purpose of the parties to the action and is intended to coerce compliance with an Order of the Court or to compensate for losses or damages

sustained by reason of noncompliance.  See Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441 (1911); McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949).  Criminal contempt, on the other hand is punitive in nature, and is intended to vindicate the authority of the Court. Gompers, at 441. A civil contempt action is between the parties to the main suit and is instituted and tried as part of the main cause of action. Id. at 444-45.  Both civil and criminal contempt may involve fines and imprisonment. Id.

The imposition of contempt is reviewed under an abuse of discretion standard and will only be disturbed if there is an error of law or a clearly erroneous finding of fact. Harris v. City of Philadelphia, 47 F.3d 1342, 1349 (3d Cir. 1995).

In order for an individual to be found guilty of civil contempt, the Court must find that 1- a valid court order existed, 2- the alleged contemnor had knowledge of order, and 3- the alleged contemnor disobeyed the order. Harris, 47 F.3d 1311 at 1326. The Harris elements must be proven by clear and convincing evidence and ambiguities must be resolved in favor of the party charged with the contempt. Robin Woods, Inc. v. Woods, 28 F.3d 396, 399 (3d Cir. 1994).  Civil contempt is committed when a person violates an order of court which requires that person in specific and definite language to do or refrain from doing an act or series of acts. McComb, supra, at 191.

The court has great discretion in imposing coercive sanctions on the contemnor and whether to impose fines or order imprisonment. United States v. United Mine Workers, 330 U.S. 258, 304 (1947). Within this discretion, the court should keep in mind that a civil contempt proceeding imposing a compensatory fine is analogous to a tort judgment for damages caused by wrongful conduct. See Parker v. United States, 153 F.2d 66, 70 (1st Cir. 1946).  _____

3

## III.   DISCUSSION

Pursuant to Rule 4.1(b) of the Federal Rules of Civil Procedure, a court may order civil commitment for a party held in contempt.  Defendant requests that Plaintiffs be held in civil confinement as a result of Plaintiffs' continuous disregard for this Court's orders and judgments, in addition to Plaintiffs' abusive and vexatious litigation practices.  While it is true that Plaintiffs have repeatedly attempted to circumvent this Court's orders and that the sanctions imposed upon Plaintiffs have not seemed to deter their frivolous filings or defiant behavior, this Court finds that Plaintiffs not be held in civil confinement.  As previously mentioned, a court has great discretion in imposing sanctions upon the contemnor and deciding whether to impose fines or order imprisonment.  United States v. United Mine Workers, 330 U.S. 258, 304 (1947).  Thus, this Court holds that civil contempt with an increased fine of $7,500.00, in addition to the compensation of costs and fees due to Defendants, would be a more suitable sanction than confinement.

In order for an individual to be found guilty of civil contempt, the Court must find that 1- a valid court order existed, 2- the alleged contemnor had knowledge of order, and 3- the alleged contemnor disobeyed the order.  Harris, 47 F.3d 1349.  Here, it is clear that a valid court Order exists, that Plaintiffs knew of said Order and that Plaintiffs disobeyed said Order.

First, in its January 4, 2006 Opinion, this Court ordered that Plaintiffs be enjoined from further pursuing the subject matter against Defendant in any court.  Next, Plaintiffs were aware of this Order because they moved for reconsideration of same, which was denied.  Further, it is clear that Plaintiffs were well aware of this Order because, on July 10, 2006, Plaintiffs were sanctioned and held in civil contempt for failing to abide by it.  Lastly, Plaintiffs have again disobeyed this Court's Order.  After sanctions were brought against Plaintiffs and following the Third Circuit's

4

decision denying Plaintiffs' appeal, Plaintiffs continued to pursue this matter against Defendant at a hearing in State Court on October 20, 2006 and by motions to disqualify two Superior Court Judges.  For the above mentioned reasons, Plaintiffs are to be held in civil contempt.

This Court orders that fines shall be imposed upon Plaintiffs. Civil contempt is remedial in nature, and serves the purpose of the parties to the action and is intended to coerce compliance with an Order of the Court or to compensate for losses or damages sustained by reason of noncompliance. See Gompers, supra, at 441; McComb, supra, at 191.  This Court has previously fined Plaintiffs $5,000.00 and ordered Plaintiffs to pay all costs and fees associated with Plaintiffs' Fourth Amended Complaint in an effort to compensate Defendant for the costs  incurred in response to the subject complaint.   This Court finds that Plaintiffs' fine shall be increased to $7,500.00 and that Plaintiffs shall be responsible for the fees and costs associated with this motion, in addition to the prior uncompensated counsel fees totaling  $37,347.98.  Defendant is directed to submit a certification of all legal fees and costs associated with this motion.

## IV.     CONCLUSION

Based on the foregoing, this Court denies Defendant's application to hold Plaintiffs in civil confinement.  This Court finds, however, that Plaintiffs are in contempt of this Court's Order enjoining Plaintiffs from pursuing this matter against Defendant, and are ordered to pay fines as stated above.  An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:   July   18  , 2008
Orig:   Clerk's Office
cc:     Counsel of Record
        The Honorable Mark Falk, U.S.M.J.
        File